**Armando VARGAS–AVILA, Petitioner,**

**v.**

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–76486.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 2007 *.

Filed Nov. 21, 2007.

Charles E. Nichol, Esq., Law Office of Charles E. Nichol, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark L. Gross, Esq., DOJ–U.S. Department of Justice, Civil Rights Division/Appellate Section, Amber R. Standridge, Esq., U.S. Departure of Jusice, Civil Rights Division, Washington, DC, for Respondent.

Before: TROTT, W. FLETCHER, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Armando Vargas–Avila, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order adopting and affirming an immigration judge's ("IJ") decision denying his applica-

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tion for withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence. *Ramos–Vasquez v. INS*, 57 F.3d 857, 861 (9th Cir.1995) (reviewing denial of withholding); *Zheng v. Ashcroft*, 332 F.3d 1186, 1193 (9th Cir.2003) (reviewing denial of CAT protection). We deny the petition for review.

Vargas–Avila conceded that he did not suffer past persecution. Substantial evidence supports the agency's determination that he failed to establish a well-founded fear of future persecution for withholding. The record does not compel the conclusion that more likely than not, he would be harmed if he returned to Mexico. *See Hakeem v. INS*, 273 F.3d 812, 816–17 (9th Cir.2001).

Substantial evidence also supports the agency's determination that Vargas–Avila failed to establish it is more likely than not that he would be tortured if he returned to Mexico. Vargas–Avila has not presented any evidence of possible torture, the record only includes examples of Mexico's general crime problems, and in his original asylum application Vargas–Avila stated that he did not fear torture in Mexico. *See Zhang v. Ashcroft*, 388 F.3d 713, 721–22 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.